IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:05-CR-105-1H
No. 5:12-CV-497

FILED IN OPEN COURT
ON 8/16/12
Julie A. Richards, Clerk
US District Court
Eastern District of NC

| | |
|---|---|
| ERIK ANTONIO WILSON, ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |

This matter is before the court on petitioner's motion to vacate pursuant to 28 U.S.C. § 2255, filed August 9, 2012. The government filed an Answer and Memorandum on August 14, 2012. On August 16, 2012, a hearing was held on petitioner's motion, at which petitioner, petitioner's counsel, and counsel for the government were present. The parties agree that the Fourth Circuit's decision in United States v. Simmons, 649 F.3d 237, 240 (4th Cir. 2011), applies to petitioner's case.

On April 20, 2005, petitioner was charged in a single count indictment with possession of a firearm by a convicted felon, 18 U.S.C. §§ 922(g)(1) and 924 [DE #1]. On October 3, 2005, relying on then-existing precedent, petitioner pled guilty to the indictment pursuant to a written plea agreement [DE #15]. On February 15, 2006, this court sentenced petitioner to 54 months in prison. [DE #21-22].

Petitioner began a period of supervised release on July 9, 2009. A motion to revoke his supervised release was filed on January 13, 2012 [DE #23]. Petitioner is currently in custody pending a hearing on his alleged supervised release violation.

The court, having reviewed the record, agrees with the parties' assessment that petitioner's motion is meritorious. Under <u>Simmons'</u> definition of a felony offense, petitioner's prior North Carolina convictions are not felonies for the purposes of § 922(g)(1) because petitioner could not have been imprisoned for more than one year for these offenses. As petitioner's exposure for his prior convictions did not exceed one year, petitioner is factually innocent of the federal crime of being a felon in possession of a firearm in violation of § 922(g)(1).[1] Therefore, petitioner's motion to vacate [DE #41] is granted, and this court's judgment entered February 15, 2006 is hereby vacated. The pending motion to revoke petitioner's supervised release is deemed moot. The court ORDERS that petitioner be discharged forthwith from the custody of the Federal Bureau of Prisons.

This 16th day of August 2012.

/s/ Malcolm J. Howard
Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26

---

[1] Inasmuch as any affirmative defense of the statute of limitations exists in this matter, the government explicitly waives said defense. (<u>See</u> Gov't Answer ¶ 4.)

2